# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS HERNANDEZ CARO,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondent. | Case No. 1:26-cv-06444-JLT-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the petition, Petitioner asserts that U.S. Immigration and Customs Enforcement ("ICE") failed to comply with applicable regulations that require specific officials to revoke an order of supervision ("OSUP"), notice of the reason for the revocation of OSUP, and an informal interview and that revocation of OSUP without any showing of changed circumstances is arbitrary. (ECF No. 1 at 6–7.[1])

On September 8, 2026, Respondents filed an answer, arguing that Petitioner "bear[s] the burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future" under Zadvydas v. Davis, 533 U.S. 678 (2001), and "Petitioner has not provided evidence that he would be unremovable to his original country because the

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

country would not accept him or that his removal would be barred by our own laws." (ECF No. 6 at 4.)

In the response to the petition, Respondent does not address Petitioner's claims that the revocation of his release violated applicable regulations. The six-month presumptively reasonable detention period and "the burden-shifting framework from *Zadvydas* does not apply" to challenges to "ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (alterations in original) (quoting Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025)). "The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed," including notice and a prompt informal interview. Yan-Ling X., 813 F. Supp. 3d at 1163; 8 C.F.R. § 241.4(*l*)(1); 8 C.F.R. § 241.13(i)(3). Additionally, "when ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" Yan-Ling X., 813 F. Supp. 3d at 1163.

Additionally, Respondent states:

> On June 20, 2026, DHS served Petitioner a Notice of Failure to Comply Pursuant to 8 CFR 241.4(g). Ex. G. Petitioner refused to sign the form. *Id*. In that notice, DHS informed Petitioner that because he failed to assist immigration authorities in obtained a travel document, INA 241(a)(1)(C) permits DHS to extend his removal period. *Id*.

(ECF No. 6 at 2.) Pursuant to 8 U.S.C. § 1231(a)(1)(C), the "removal period may be extended if the alien fails to make a timely application for travel documents or acts to prevent his removal." Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021). Exhibit G to the answer is a copy of the June 20, 2026 Notice of Failure to Comply, which states: "On 06/16/2026, you were advised, via form I-229(a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document." (ECF No. 6 at 28.) However, Respondent does not provide the Court with a copy of the Form I-229(a) that was allegedly served on Petitioner on June 16, 2026. The Notice of Failure to Comply further states: "As you have failed to assist, you have failed to comply with your obligation and are

acting to prevent your removal from the United States." (ECF No. 6 at 28.) However, Respondent does not explain or provide a declaration regarding in what manner Petitioner failed to assist immigration authorities.

The Court finds that supplemental briefing on whether ICE complied with applicable regulations when revoking Petitioner's order of supervision, whether Respondent can show a significant likelihood that Petitioner may be removed, Petitioner's alleged non-cooperation, and whether extension of the removal period pursuant to 8 U.S.C. § 1231(a)(1)(C) is applicable would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE:
    a. A supplemental brief addressing the issues set forth above; and
    b. Any supporting documentation; and
2. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **October 5, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE